# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PRINCE JONES,

      Plaintiff,

v.                               Civil Action No. 2:17cv134

UNITED STATES; LT. J. RIFFLE; OFFICER T. GEORGE; OFFICER J. HUNT; WARDEN DAVID WILSON; LT. HOWELL; CLARK BRETT FRIEND; DANIEL PRUSA; CHRISTOPHER MEYER; JOHN PYLES; and OFFICER JOHN DOE,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this *pro se* civil action on November 8, 2017, by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation*.[1] Liberally construed, Plaintiff alleges that Defendants, all of whom are or were employed by the Federal Bureau of Prisons at USP Hazelton, violated his constitutional rights by applying chains arounds his waist so tightly that he suffered pain and irreparable harm to his belly, back, ankles and wrist. In addition, Plaintiff alleges that he suffered retaliation, in the form placement in the Special Housing Unit, for reporting the incident with the chains. For relief, Plaintiff seeks $6,000,000 in compensatory and punitive damages. In the alternative, he seeks a jury trial. Simultaneously with his complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.

---

[1] 403 U.S. 288 (1971).

1

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that more than three of Plaintiff's prior civil cases qualify as strikes under this provision. *See Jones v. Kyler, et al.,* 3:98-cv-012142-RPC-DB (M.D. PA.), ECF No. 10 (dismissed, without prejudice, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Jones v. McFadden, et al.,* 1:09-cv-01310-JLT (E.D. CA. 2010), ECF

No. 16 (dismissed, with prejudice, for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915(e)(2) and noting that the dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g)); *Jones v. McFadden, et al.*, 1:09-cv-00957-DLB (E.D. CA.), ECF No. 14 (dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and noting that the dismissal shall count as a strike pursuant to 28 U.S.C. §915(g)); and *Jones, et al., v. Bowser, et al.*, 1:16-cv-02142-UNA (District of Columbia 2016), ECF No. 16 (dismissing case because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. As previously noted, Plaintiff's complaint concerns events that occurred at USP Hazelton. However, by the time Plaintiff filed his complaint, he had been moved to USP Coleman which is located in Coleman, Florida. Therefore, even if this court were inclined to believe that Defendants posed an imminent danger of serious physical injury to Plaintiff, he is no longer exposed to those Defendants. Given these circumstances, the complaint fails to state any facts indicating that Plaintiff is under imminent danger of serious physical injury sufficient to warrant an exception to the PLRA three strikes rule with respect to the claims that are actionable in this Court.

For the foregoing reasons, the undersigned recommends Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g), and his pending Motion for Leave to Proceed in forma pauperis [ECF No. 2] be **DENIED**. The undersigned further recommends that Plaintiff be advised that if he wishes to pursue the

allegations raised in the instant complaint, he must refile the complaint with payment of the $400 filing fee.

Within 14 days after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this court based upon such recommendation. 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this report and recommendation to Plaintiff by certified mail, return receipt requested to his last known address as shown on the docket sheet. Upon entry of this Report and Recommendation, the clerk of court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: November 30, 2017

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE