```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**PRINCE JONES,**

    **Plaintiff,**

**v.**                                 **Civ. Action No. 2:17-CV-134**
                                              **(Judge Kleeh)**

**UNITED STATES; LT. J. RIFFLE;**
**OFFICER T. GEORGE; OFFICER J. HUNT;**
**WARDEN DAVID WILSON; LT. HOWELL;**
**CLARK BRETT FRIEND;**
**DANIEL PRUSA; CHRISTOPHER MEYER;**
**JOHN PYLES; and OFFICER JOHN DOE;**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR RELIEF FROM JUDGMENT [ECF NO. 15]**

On January 3, 2018, by Order [ECF No. 12], the Court adopted the Magistrate Judge's Report and Recommendation ("R&R") [ECF No. 8] and dismissed without prejudice Plaintiff's complaint pursuant to 28 U.S.C. § 1915(g). The Court thereafter directed the Clerk to enter judgment in favor of Defendants and to strike this case from the active docket of this Court. ECF No. 12. On April 14, 2023, pro se Plaintiff filed *Motion to Reinstate Complaint for Newly Discovered Evidence and Errors in the Judgment Pursuant to Fed. R. Civ. 60(a)-60(b)(6)-60(b)(1) and (2)*. ECF No. 15. The Court construes the motion as one for relief from judgment. Fed. R. Civ. P. 60(b).

For the reasons discussed below, Plaintiff's motion for

relief from judgment is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2017, Plaintiff brought suit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation, 403 U.S. 388 (1971), alleging the defendants violated his constitutional rights by fastening chains around his waist which caused him to suffer pain and irreparable harm to his belly, back, ankles, and wrist. ECF No. 1. He also contends he suffered retaliation because he reported the incident. He sought monetary damages or a jury trial.

The R&R recommended the District Court find Plaintiff's complaint subject to the Prison Litigation Reform Act of 1995 ("PLRA"). 28 U.S.C. § 1915(g). The R&R stated that because Plaintiff had filed more than three prior civil cases that were dismissed on grounds provided in § 1915(g), and Plaintiff's complaint did not qualify for the imminent danger exception, the instant action should be dismissed. ECF No. 8. On December 6, 2017, an individual with the name of "J. Green" accepted service of the R&R on behalf of Prince Jones at his given address. ECF No. 11. The R&R informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Specifically, the magistrate judge

gave the parties fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition to file "with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objection." ECF No. 8. The R&R further warned them that the failure to file written objections shall constitute a waiver of appellate review. Id. To date, no objection to the R&R was filed.

Over no objection, and after a review for clear error, the District Court adopted the R&R and Plaintiff's complaint was dismissed without prejudice. ECF No. 12. Judgment was entered on January 3, 2018. ECF Nos. 13. On January 9, 2018, an individual accepted service of the Order Adopting R&R and Clerk's Judgment on behalf of Prince Jones at his given address. ECF No. 14.

## II.   LEGAL STANDARD

"Rule 60(b) [of the Federal Rules of Civil Procedure] authorizes a district court . . . to relieve a party from a final judgment, order, or proceeding for any reason justifying relief from the operation of the judgment." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (cleaned up). A party seeking relief under Rule 60(b) must first meet the following threshold requirements: (1) timeliness; (2) a

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR RELIEF FROM JUDGMENT [ECF NO. 15]**

meritorious claim or defense; (3) no unfair prejudice to the opposing party by having the judgment set aside; and (4) exceptional circumstances. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017); Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). "Because the [threshold] requirements are described in the conjunctive, [a movant] must meet them all." Wells Fargo, 859 F.3d at 299.

Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of the six subsections of Rule 60(b). Wells Fargo, 859 F.3d at 299. These include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or
(6) any other reason that justified relief.

Fed. R. Civ. P. 60(b).

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR RELIEF FROM JUDGMENT [ECF NO. 15]**

The timeliness requirement "depends on the grounds under which relief is sought." Holland v. Virginia Lee Co., Inc., 188 F.R.D. 241, 248 (W.D. Va. 1999). Rule 60(c) sets forth a "reasonable time" standard for bringing the motion, except for Rule 60(b)(1)-(3) motions, a party must file the motion not more than one year after the order or judgment is entered. Fed. R. Civ. P. 60(c)(1). Reasonableness is determined by considering the amount of delay between notice of any grounds for the Rule 60(b) motion and the filing of the motion itself. Holland, 188 F.R.D. at 248 (internal citation omitted). "What constitutes a reasonable time will generally depend on the facts of each case. A major consideration may well be whether the non-movant was prejudiced by the delay and whether the movant had a good reason for failing to take action sooner." Id. (cleaned up). "[A] Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (internal citation omitted).

### III. DISCUSSION

Now, over five (5) years after judgment was entered, Plaintiff files a motion for relief from judgment. ECF No. 15. Plaintiff cites to Rules 60(a), 60(b)(1)-(2) and (6) in his motion. Rule 60(a) governs relief from clerical mistakes made in

court orders or judgment. Because Plaintiff argues the Court erred in its judgment, and does not assert it made a clerical mistake, the Court considers Plaintiff's motion under Rule 60(b).

To begin, Plaintiff fails to demonstrate the threshold requirement of timeliness. Wells Fargo, 859 F.3d at 299. Plaintiff states that the delay in filing his motion is due to his documents being misplaced after he moved to the maximum-security prison. ECF No. 15 at 3. Plaintiff's documents were "just recently returned to him" which is cause for the "excusable delay" in filing the motion. Id. However, over five years have passed since Plaintiff received notice of the decision and final judgment in this matter. Plaintiff discovered grounds for his Rule 60(b) motion at the latest on January 9, 2018, the date he received the Order Adopting R&R and Judgment Order. See ECF Nos. 11, 14. Not until April 14, 2023, did Plaintiff move the Court under Rule 60(b).

Because Plaintiff does not meet the Wells Fargo threshold requirements, the Court is not obligated to review Plaintiff's Rule 60(b) Motion on the merits.

**IV. CONCLUSION**

For these reasons, Plaintiff's motion [ECF No. 15] is **DENIED**.

**Jones v. United States, et al.**                                    **2:17cv134**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR RELIEF FROM JUDGMENT [ECF NO. 15]**

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record, and the pro se Plaintiff, by certified mail, return receipt requested.

**DATED:** June 2, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA